# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30577
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2018

Lyle W. Cayce
Clerk

DAVIN HANKS,

Plaintiff-Appellant

v.

CASEY MCVEA; RAMAN SINGH,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:17-CV-438

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Davin Hanks, Louisiana prisoner # 399204, appeals from the district court's dismissal with prejudice of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. He has also filed a motion seeking a stay of the district court's judgment pending appeal. His motion for a stay is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30577

We review the dismissal of a civil rights complaint for failure to state a claim de novo, using the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6). *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). On appeal, Hanks argues that the district court erred by failing to consider his supplemental complaint, which he submitted with his objections to the magistrate judge's report, and by dismissing his amended complaint for failure to state a claim. Because Hanks's claims stem from his disagreement with his medical treatment, he has failed to state a claim upon which relief may be granted. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Moreover, because accepting his supplemental complaint would have been futile, the district court did not abuse its discretion in that regard. *See Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983).

Accordingly, the district court's judgment is AFFIRMED. That dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Hanks is WARNED that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).